NICOLA T. HANNA
United States Attorney
BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office
ANNE C. GANNON (Cal. Bar No. 214198)
Assistant United States Attorney
     United States Courthouse
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3548
     E-mail:    Anne.Gannon@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 15-24-CJC |
|---|---|
| Plaintiff, | OPPOSITION TO DEFENDANT'S MOTION FOR JUDICIAL RECOMMENDATION OF MAXIMUM RRC PLACEMENT |
| v. | |
| CHAD EDWARD LARSON CZISNY, | |
| Defendant. | |

     Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Anne C. Gannon, hereby files this opposition to defendant's Motion of Judicial Recommendation of Maximum RRC Placement.  As explained in the attached Memorandum of Points and Authorities, this motion should be dismissed for lack of jurisdiction and failure to exhaust the administrative remedy process.

\\
\\
\\

This opposition is based on the attached memorandum of points and authorities, the files and records in this case, and such other evidence or argument as may be requested by the Court.

Dated: April 21, 2020                Respectfully submitted,

NICOLA T. HANNA
United States Attorney
BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office

          /s/
ANNE C. GANNON
Assistant United States Attorney

Attorneys for Respondent
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Chad Edward Larson Czisny ("Defendant"), Register Number 68827-112, an inmate in the custody of the Federal Bureau of Prisons ("BOP"), mailed to the Court the instant Motion for Judicial Recommendation for Maximum RRC Placement dated March 3, 2020 ("Motion"). (Docket #135.) On April 7, 2020, the Court docketed the Motion with a filed date of March 9, 2020. Petitioner requests that this Court order or recommend to the BOP that defendant be placed in a residential re-entry center ("RRC") for the maximum term of 12 months at the end of his custodial sentence. Motion at 1-3.

This Court should dismiss the Motion because this Court lacks jurisdiction to consider the Motion as Congress has specifically exempted the BOP's placement decisions from judicial review. Defendant has also failed to exhaust his administrative remedies regarding this issue.

**II.  STATEMENT OF FACTS**

**A.   Petitioner's Background**

Defendant is currently serving an 84-month term of imprisonment as a result of his convictions for Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. § 841 and 21 U.S.C. § 841(b)(1)(B)(i); Felon in Possession of Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2); Bank Fraud, in violation of 18 U.S.C. § 1344; Attempted Bank Fraud, in violation of 18 U.S.C. § 1344; and Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1). (Docket #131.) Defendant is currently housed at the FCI Terminal Island. www.bop.gov (inmate finder search as of April 20, 2020). Defendant's current projected

release date is July 29, 2021, assuming he earns all remaining available good time conduct credit. Id.

### B. Statutory Background

Two statutes define and constrain the BOP's obligation and authority to determine inmate placement while in BOP custody: 18 U.S.C. §§ 3621(b) and 3624(c). See Sacora v. Thomas, 628 F.3d 1059, 1061-62 (9th Cir. 2010).

The BOP makes inmate placement determinations throughout an inmate's incarceration. Under 18 U.S.C. § 3621(b), the BOP has authority to designate the place of an inmate's imprisonment and to direct the transfer of a prisoner from one penal or correctional facility to another "at any time." Rodriguez v. Smith, 541 F.3d 1180, 1182, 1185 (9th Cir. 2008). Under 3621(b), the BOP is required to take into account numerous considerations when designating the place of a prisoner's imprisonment.

The BOP also makes "end of sentence" inmate placement determinations. Under § 3624(c), the BOP evaluates inmates for RRC placement when they are 17 to 19 months from release. Sacora, 628 F.3d at 1064. Such placements are made to prepare prisoners for re-entry into the community. Id. at 1062. The BOP considers the same § 3621(b) factors when making these "end of sentence" RRC placements pursuant to § 3624(c). 18 U.S.C. § 3624(c)(6)(A); Sacora, 628 F.3d at 1062.

Thus, these statutes contemplate that sentencing courts may make recommendations regarding the appropriate "type of penal or correctional facility," to which the BOP will designate a defendant for service of a term of imprisonment. 18 U.S.C. § 3621(b)(4)(B). The BOP, however, retains the statutory authority and responsibility

to choose the "place of imprisonment from among 'any' available penal or correctional institution." Goldings v. Winn, 383 F.3d 17, 25 (1st Cir. 2004). Moreover,

> [a]ny order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person. Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court.

18 U.S.C. § 3621(b).[1] "The BOP has plenary control, subject to statutory constraints, over 'the place of the prisoner's imprisonment.' . . . A sentencing court can recommend that the BOP place an offender in a particular facility or program. [citation] But decisionmaking authority rests with the BOP." Tapia v. United States, 564 U.S. 319, 331 (2011). Thus, no court may review or second-guess the BOP's discretionary placement decisions made pursuant to §§ 3621 and 3624. Reeb v. Thomas, 636 F.3d 1224, 1226-28 (9th Cir. 2011) (reviewing BOP's individualized placement decisions would be contrary to the "plain language" of § 3625 exempting such placement decisions from judicial review).

**III. ARGUMENT**

    **A.  Individualized, Discretionary Determinations Regarding Placement Are Not Subject to Judicial Review**

Defendant requests that this Court issue an order recommending to BOP that defendant be placed in an RRC for 12 months, the maximum time permitted by statute. Petition at 1. To the extent the Motion is a request for an order to BOP, contrary to BOP's individualized, discretionary decision regarding defendant's RRC placement it should

---

[1] The final sentence of 18 U.S.C. § 3621(b) was added by the First Step Act ("FSA") which became effective on December 29, 2018.

3

be dismissed for lack of subject matter jurisdiction.  In the alternative, if it is a request for an amendment of defendant's sentence to include a recommendation regarding the length of RRC placement, this Court lacks jurisdiction because the request involves neither a clear error nor a government motion to reduce defendant's sentence based on substantial assistance.  Fed.R.Crim.P. 35.

          1.   <u>The Decision Whether to Place an Inmate in an RRC Is Not Subject to Judicial Review</u>

Petitioner's challenge to the BOP's ongoing decisions regarding his placement, including the decision of whether, when, and for what duration to place Petitioner in an RRC is not subject to judicial review.  First, in the FSA, Congress expressly exempted such decisions from judicial review.  18 U.S.C. § 3621(b).  Even before the statute was amended, controlling authority exempted those sorts of individualized placement decisions from judicial review.  The Ninth Circuit's decision in <u>Reeb</u> is dispositive.  In that case, an inmate challenged his expulsion from the BOP's residential drug abuse program ("RDAP").  <u>Reeb</u>, 636 F.3d at 1226.  The Ninth Circuit held that "[t]o find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625."  <u>Id.</u> at 1227.  Thus, the Ninth Circuit held that courts lack subject matter jurisdiction over any habeas petition alleging only that the BOP "erred in [a] particular case," that is, made an individual placement decision with which a prisoner takes issue.  <u>Id.</u>

Because the BOP's authority and discretion to place an inmate in an RRC near the end of his sentence is derived from 18 U.S.C. §§ 3621

4

and 3624, that decision as well is beyond the scope of judicial review, for the same reason RDAP placement decisions are unreviewable. See Brown v. Sanders, 2011 WL 4899919, at *2 n.3 (C.D. Cal. Sept. 1, 2011) ("Although Reeb involved a determination regarding [RDAP] as opposed to a CCC or home detention, the difference is immaterial as the RDAP determination is also made pursuant to § 3621."), aff'd sub. nom Brown v. Ives, 543 F. App'x 636 (9th Cir. 2013). The language of § 3625 is not ambiguous; rather, it clearly forecloses judicial review of "'any determination, decision, or order' made pursuant to 18 U.S.C. 3621–3624." Reeb, 636 F.3d at 1227 (emphasis added) (quoting 18 U.S.C. § 3625). In other words, the BOP alone may make the discretionary placement determinations contemplated by §§ 3621 and 3624, including any decision regarding RRC placement. See Tapia v. United States, 564 U.S. 319, 331 (2011) ("[T]he BOP has plenary control, subject to statutory constraints, over 'the place of the prisoner's imprisonment,' § 3621(b), and the treatment programs (if any) in which he may participate, §§ 3621(e), (f); § 3624(f). A sentencing court can recommend that the BOP place an offender in a particular facility or program. But decision making authority rests with the BOP." (some citations omitted)); see also, e.g., Brown, 543 F. App'x at 637 (no judicial review over individual RRC placement decisions); Caldwell v. Sanders, 2013 WL 1124712, at *1-2 (C.D. Cal. Jan. 23, 2013) (same), adopted by 2013 WL 1124695 (C.D. Cal. Mar. 18, 2013); Ingram v. Thomas, 2011 WL 1791234, at *4 (D. Or. May 10, 2011) (same); Espinosa v. Rios, 2011 WL 4084365 at *3-4 (E.D. Cal. Sept. 13, 2011) (same).

Accordingly, because Defendant's motion amounts to nothing more than an prospective request for judicial review of the BOP's

individualized, discretionary determination regarding inmate placement, the decision is simply not subject to judicial review at all.  Defendant's challenge to that decision should thus be dismissed for lack of subject matter jurisdiction.

        2.    <u>Defendant Failed to Exhaust the Administrative Remedy Process</u>

This Petition should also be dismissed because Defendant has failed to demonstrate that he has exhausted available administrative remedies.  The BOP administrative remedy procedures include a process whereby inmates may seek a formal review of any aspect of their confinement.  28 C.F.R. §§ 542.10-542.19.  The inmate must first seek informal resolution of the issue of concern at their institution of confinement.  <u>Id.</u> § 542.13(a).  If that fails, the inmate must file a formal request with the Warden.  <u>Id.</u> § 542.14.  If the Warden denies a remedy, the inmate may then appeal first to the Regional Director, within 20 days of receiving the Warden's response, and then to the General Counsel in Washington, D.C.  <u>Id.</u> § 542.15.  Pursuant to 28 C.F.R. § 542.15(a), an "[a]ppeal to the General Counsel is the final administrative appeal."  Thus, the administrative process is not complete until the Office of the General Counsel replies, on the merits, to the inmate's appeal.  <u>See</u> 28 C.F.R. § 542.18.

While defendant's request is styled as a motion, it effectively is a petition for writ of habeas corpus.  "Federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court." <u>Martinez v. Roberts</u>, 804 F.2d 570, 571 (9th Cir. 1986).  The exhaustion requirement aids judicial review by allowing the

6

administrative agency to develop a factual record, apply its expertise, and correct its own errors, thereby conserving court resources and avoiding unnecessary judicial intervention. See Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983). The failure to exhaust administrative remedies is an appropriate basis for dismissal of a habeas petition. Martinez, 804 F.2d at 571.

Here, Defendant has failed to demonstrate that he has exhausted the administrative remedy process regarding his request for RRC placement. Accordingly, to conserve judicial resources, and discourage circumvention of the administrative remedy process, the Motion should be dismissed, allowing defendant to pursue his request administratively. This failure to exhaust the administrative remedy process is an appropriate basis for dismissal of this motion. Defendant should be required to exhaust the administrative remedy process before proceeding in litigation.

**IV. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court dismiss defendant's motion.

Dated: April 21, 2020

Respectfully submitted,

NICOLA T. HANNA
United States Attorney
BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office

            /s/
ANNE C. GANNON
Assistant United States Attorney

Attorneys for Respondent
UNITED STATES OF AMERICA

# Certificate of Service

I am a citizen of the United States and am employed in the County of Orange, California. I am over 18 years of age, and I am not a party to the above-entitled action. My business address is the United States Attorney's Office, Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Suite 8000, Santa Ana, California 92701.

That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction the service was made. On this date, April 21, 2020, I served a copy of the foregoing document(s), described as follows: **Opposition to Defendant's Motion for Judicial Recommendation for Maximum RRC Placement** in the following manner:

☐ by placing a true copy in a sealed envelope, addressed to the person(s) specified below, and placing it for interoffice delivery within the courthouse to:

■ by placing the documents in a sealed envelope, bearing the requisite postage thereon, and placing it for mailing via the U.S. Postal Service addressed as follows:

> Chad Edward Larson Czisny
> Register No. 68827-112
> Federal Correctional Institution
> Terminal Island
> P.O. Box 3007
> San Pedro, CA 90733-3007

☐ by e-mailing a pdf. version of the document(s) to the e-mail Address specified below:

I declare under penalty of perjury that the foregoing is true and correct, executed on April 21, 2020, at Santa Ana, California.

/s/ *Linda Bennett*
Linda Bennett